**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:08-cr-00369-JOF-RGV-1 |
| RONREGUS ARNOLD JORDAN, : | |
| : | |
| Defendant. : | |

**<u>ORDER</u>**

This matter is before the court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [112]; the Report and Recommendation of Magistrate Judge Russell G. Vineyard [130]; and Petitioner's objections thereto [132].

The court addressed the history of this case in its prior order on Petitioner's § 2255 motion. *See* Order, dated March 13, 2013, Docket Entry [115]. The court presumes familiarity with that order. For the purposes of establishing context, the court notes that Petitioner, Ronregus Arnold Jordan, was convicted by a jury of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The court sentenced Petitioner to 240 months' imprisonment and five years supervised release. Petitioner appealed his conviction and sentence. The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction in an order issued as mandate on May 31,

AO 72A
(Rev.8/82)

2011. Petitioner's application for a writ of certiorari was denied by the United States Supreme Court on October 3, 2011. Petitioner was represented at trial and on appeal by counsel from the Federal Defender's Office.

On September 5, 2012, Petitioner filed the instant *pro se* § 2255 motion in which he contended that his trial counsel was ineffective for failing to interview and/or investigate five potential witnesses: the five Atlanta Police Officers who were at the scene and assisted in Petitioner's arrest. Petitioner also argued that his trial counsel was ineffective in failing to object and preserve the record for appeal concerning potential impeachment of Officer Paige. Petitioner averred his appellate counsel was ineffective in objecting to the court's response to the jury's notes and in failing to raise this issue on appeal. Finally, Petitioner also contended that his trial counsel was ineffective because he did not properly advise him or prepare him to testify. Petitioner, therefore, asserted that his decision not to testify was not a knowing and intelligent waiver.

In its previous order, the court rejected all of Petitioner's claims but those related to whether his trial counsel properly advised him or prepared him to testify. *See* Docket Entry [115], at 1-16. The court recounted that at trial, Agent Judkins testified that Petitioner had confessed to him that he possessed the gun. Petitioner's counsel, however, drew out testimony from witnesses designed to indicate to the jury that Petitioner's confession was not truthful and made under duress.

2

At the close of the Government's case, the court addressed Petitioner outside the presence of the jury. The court stated:

> COURT: Mr. Jordan, while the jury is out, you understand that you have a right to testify, as well. You don't have to testify, you are presumed by the law to be innocent and that means you never have to prove your innocence. But you can testify if you want to, and it doesn't matter what Mr. Dodge says. You have the right to testify, if you want to. Now, he's a good and experienced lawyer, and you certainly ought to listen to his advice. But in the final analysis, it's up to you. Do you understand?
>
> DEFENDANT: Yes, sir.
>
> COURT: All right. Bring in the jury.

*See* Trial Transcript, at 151.

At sentencing, in Petitioner's presence, Petitioner's counsel pointed to the fact that to Petitioner's "credit he didn't take the witness stand and testify. In many trials like this a defendant testifies, loses, and we can presume that he perjured himself here. But that's not the case here. Mr. Jordan simply asked for his day in court and asked for his lawyer to be as vigorous as possible against this charge and sat at the table and watched it all quietly." *See* Sentencing Transcript, at 234. The court then reviewed the law related to a defendant's fundamental constitutional right to testify on his own behalf at trial. *See* Docket Entry [115], at 17-19.

3

The court found that Petitioner's trial strategy had never been to deny making the confession, but rather to argue to the jury that he had been coerced into making a false confession. Outside the presence of the jury, Petitioner had been given an opportunity to disavow that strategy and to inform the court that he wished to take the stand on his own behalf and deny the confession, but Petitioner did not do so. Petitioner permitted his counsel to further advance this theory at sentencing when he argued that Petitioner had not taken the stand to deny anything that had happened. Furthermore, the court noted that even Petitioner's arguments in his § 2255 motion were susceptible to more than one interpretation about what Petitioner contended he had asked of his counsel during the trial. *Id.* at 19-20. Nonetheless, given the very clear authority in the Eleventh Circuit that generally an evidentiary hearing must be held with respect to the right to testify, the court referred this issue to a Magistrate Judge for a hearing. *Id.* at 20-21.

Petitioner was appointed counsel to represent him during the evidentiary hearing which was held on April 17, 2013. Both parties filed post-hearing briefs. On October 1, 2013, Magistrate Judge Vineyard issued a Report and Recommendation in which he recommends that the court deny Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Docket Entry [130]. Magistrate Judge Vineyard related Petitioner's testimony during the hearing. Petitioner stated that he "tried to testify" during his first trial, but that his counsel recommended against doing so due to

4

his criminal history, which Petitioner contended was only burglary and petty theft. *Id.* at 3. Petitioner testified that he denied ever contending that the police had illegally detained him or that he had informed Agent Judkins that he possessed a firearm. *Id.* at 4. Petitioner stated that he and his counsel "practically got into an argument in the courtroom" over the issue during the first trial. *Id.*

During his second trial, Petitioner testified that he once again told his counsel that he wanted to testify. *Id.* He stated that even after the colloquy with the court concerning his right to testify, he tried to get his counsel to put him on the stand and his counsel refused. *Id.* at 5. He never explained his problems to the court because he felt "defeated" and he did not want to "make a scene" in front of the jury. *Id.* On cross-examination, Petitioner admitted that he had eight prior felony convictions and that three of those were considered offenses involving violence. *Id.*

Petitioner's trial counsel testified that he visited Petitioner frequently in jail around the time of both trials. *Id.* at 6. Trial counsel informed Petitioner that the choice of whether to testify was Petitioner's and no one else's. *Id.* However, in light of Petitioner's felony history, trial counsel recommended to Petitioner that he not testify out of concern that the jury would become aware of his criminal history. *Id.* Trial counsel's notes indicate that during the first trial, Petitioner "said unequivocally" that he did not want to testify. *Id.* Trial counsel did not have any notes that would reflect a change of heart during preparation for

5

the second trial. *Id.* at 7. Further, after the Government concluded its case in chief, trial counsel revisited the issue with Petitioner and Petitioner decided again not to testify. *Id.*

In his Report and Recommendation, the Magistrate Judge also reviewed authority relating to the right of a defendant to testify. *Id.* at 9-10. The Magistrate Judge concluded, however, that

> Having observed the demeanor of the witnesses, the Court does not find credible Jordan's testimony that Dodge refused to put him on the stand. Jordan's testimony was less credible, in part, because he never complained to the trial judge that Dodge was refusing to put him on the stand, even after the judge advised him that it was his decision to make, and because it is undisputed that Jordan made contradictory statements to counsel about whether he had confessed to Agent Judkins. On the other hand, Dodge offered credible testimony that he advised Jordan of his right to testify, warned him of the risks he faced if he elected to testify, and strongly advised him not to testify, but made clear that it was ultimately Jordan's choice to make. The Court also credits Dodge's testimony that he in no way forced Jordan not to testify and that Jordan made this decision freely and voluntarily after careful consideration. Dodge's adamant advice that Jordan not testify due to his criminal history, which included eight felonies, was reasonable.

*Id.* at 10-11.

In his objections, Petitioner's counsel reiterates that Petitioner wanted to take the stand because Petitioner believed his criminal history was "only" burglary offenses and petty theft and none involved guns. *See* Objections, Docket Entry [132], at 3. Petitioner also believed that he had "turned his life around" after 2003. *Id.* Petitioner argues that the Magistrate Judge's conclusions were faulty because Petitioner explained that he did not want

6

to tell the judge his feelings on the matter because he was "intimidated by the trial setting and by counsel's insistence that he was not going to call Defendant to the stand." *Id.* at 4.

Petitioner's counsel also argues that Petitioner gave conflicting stories regarding the alleged confession because he had been "living and working in the community as a free man for" 18 months when he was stopped for a routine traffic violation. *Id.* As a result, the arrest came as a shock to him and his "head was spinning" during his initial appearance. *Id.* Because of this, Petitioner's counsel argues that Petitioner's testimony was "credible." *Id.*

"When a district court refers a matter to a magistrate judge to conduct an evidentiary hearing and make findings of fact, the district court is required to make a 'de novo determination.'" *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2006). The court finds that the Magistrate Judge's determinations concerning the credibility of Petitioner's testimony and his counsel's testimony are entitled to deference as the fact-finder. *See, e.g.*, *United States v. Ramirez-Chilel*, 289 F.3d 744 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses."); *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980) (when criminal defendant's constitutional rights are at stake, "the district judge

7

should not enter an order inconsistent with the credibility choices made by the magistrate without personally hearing the live testimony of the witnesses whose testimony is determinative").

Moreover, Petitioner has not made any argument that the Magistrate Judge's determinations on credibility are "clearly erroneous."  There is no contention that the Magistrate Judge chose to believe Petitioner's counsel over Petitioner because of any deference to counsel.  The Magistrate Judge supported his credibility determinations with logical arguments from the evidence present in the record,  The Magistrate Judge did not base his credibility determinations on the "status" of the witnesses. Petitioner's counsel also makes no argument that the Magistrate Judge improperly applied the facts to the law.

The court has reviewed the transcript of the hearing, as well as the arguments presented by the parties. Having reviewed the record, the court concludes that the credibility determinations of the Magistrate Judge are fully supported by the record.  The court accepts the findings of the Magistrate Judge Vineyard and conclude that an additional evidentiary hearing would not be beneficial.  The court ADOPTS the Report and Recommendation of the Magistrate Judge as the ORDER of the court.  The court DENIES the remaining claim

AO 72A
(Rev.8/82)

n Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [112].

**IT IS SO ORDERED** this 12th day of November, 2013.

                                                S/   J. Owen Forrester
                                                J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)